UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| TODDCO, INC. and TODD SANDERS in his official capacity as President of Toddco, Inc. and as an individual , Plaintiffs, | ) ) ) ) ) | |
| v. | ) ) | CAUSE NO.: 2:04-CV-003-RL |
| NEXTEL WEST CORP. d/b/a NEXTEL COMMUNICATIONS and CINGULAR WIRELESS, LLC, Defendants. | ) ) ) ) | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE PURSUANT TO**
**28 U.S.C. § 636(b)(1)(B)**

This matter is before the Court on Nextel's Verified Motion for Sanctions Against Cingular Wireless, LLC [DE 185], filed by Defendant Nextel West Corp. d/b/a Nextel Communications ("Nextel") on January 4, 2006. Cingular filed a Response on January 19, 2006, and Nextel filed a Reply on January 26, 2006. On April 4, 2006, District Court Judge Rudy Lozano entered an Order referring the motion to the undersigned Magistrate Judge. For the following reasons, the Court recommends that the motion be denied.

**PROCEDURAL AND FACTUAL BACKGROUND**

On January 7, 2004, Toddco filed a Complaint in this Court. The original Complaint was filed against Nextel Communications, Corp. ("Nextel") and Cingular and sought a temporary restraining order as well as preliminary and permanent injunctive relief. Toddco alleged jurisdiction under 47 U.S.C. § 251 and 47 U.S.C. § 207. On January 9, 2004, Toddco filed an Amended Complaint seeking a temporary restraining order and preliminary and permanent injunctive relief against Nextel and Cingular; Toddco also filed a Motion for Permanent Injunction, Preliminary Injunction, and Temporary

Restraining Order and a Memorandum in Support. On January 29, 2004, Toddco sought leave to file a Second Amended Complaint in order to add Plaintiff Todd Sanders in his official capacity as President of Toddco, Inc. and in his individual capacity. On February 25, 2004, the Court granted Toddco leave to file a Second Amended Complaint, which Toddco filed on March 3, 2004. On May 10, 2004, the Court granted Cingular's Motion to Compel Arbitration and to Stay Litigation.

This matter was set for trial for June 6, 2005, as to Toddco and Nextel only. Shortly before trial, counsel for Toddco and counsel for Nextel met to compose the pre-trial order. On May 20, 2006, Toddco presented the name "Camille Julseth" as an employee of Cingular on their proposed witness list. Previously, in response to Toddco's motion for Rule 11 sanctions, Cingular had offered the Declaration of Ms. Julseth, which simply identified the three Cingular documents that set forth the Cingular arrangements with Mr. Sanders, including the arbitration provisions. In the instant motion, counsel for Nextel represents that, just prior to trial, counsel for Toddco represented that Ms. Julseth "(a) was provided to plaintiffs by counsel of record for Cingular; (b) was knowledgeable about the delay in porting, forming the subject matter of plaintiffs' Second Amended Complaint; and (c) was a person who would testify in contradiction to Nextel's sworn Answers to Interrogatories, explaining in great detail the cause of the delay in porting." Nextel Mot., p. 2. In Toddco's May 27, 2005 Response [DE 136] to Nextel's Motion in Limine, Toddco represented that counsel for Cingular provided Toddco with the name of Camille Julseth on May 20, 2005, as the Cingular representative who could testify as to the porting issue.

On May 27, 2005, District Court Judge Lozano issued an Order granting Nextel leave to issue a subpoena for the deposition of Ms. Julseth. On June 2, 2005, Judge Lozano vacated the June 6, 2005 trial setting. Counsel for Nextel noticed the deposition of Ms. Julseth for June 28, 2005, in Hammond, Indiana; however, Nextel did not issue a subpoena. Counsel for Cingular responded on June 23, 2005, that it would not attend the June 28, 2005 deposition because Nextel did not issue a subpoena for Ms.

Julseth's deposition as directed by the court, Ms. Julseth is not subject to deposition in the District, Ms. Julseth had not been served with a trial supboena, and because the date set by Nextel for the deposition was unavailable. On June 28, 2005, a court reporter executed a transcript demonstrating that the deposition did not take place.

On July 16, 2005, Nextel filed a Crossclaim against Cingular. On August 15, 2005, Cingular filed a Motion to Compel Arbitration and Stay Litigation, which the Court granted on September 22, 2005.

At a hearing on October 5, 2005, before the undersigned magistrate judge and at the Court's direction, counsel for Cingular provided counsel for Nextel with the address of Ms. Julseth. With the cooperation of Cingular, Nextel noticed the deposition of Ms. Julseth for November 28, 2005. In a declaration, Attorney Veronica Gomez, on behalf of Cingular, states that, during the week of October 10, 2005, she spoke with counsel for Nextel by telephone and "advised him that Cingular had investigated the question and determined that Ms. Julseth did not have knowledge about the substantive matters at issue in the action, including the port." Def. Resp., Exh. 2, ¶ 4. She further states that she advised Mr. Reed that if he wished to depose someone at Cingular regarding those issues, "the most expeditious way to accomplish that would probably be for him to put together a Rule 30(b)(6) deposition notice setting forth the topics on which he wished to examine a witness." *Id*. She further represents that Mr. Reed declined such course of action and stated that, because Toddco had identified Ms. Julseth by name, "if she did not have any substantive information to offer, Nextel would simply take her deposition and establish that on the record." *Id*. ¶ 5.

During the course of Ms. Julseth's deposition in Hoffman Estates, Illinois, Nextel learned that Ms. Julseth did not have any knowledge regarding the porting of Todd Sanders' number from Cingular to Nextel or the information in Nextel's sworn Answers to Interrogatories, did not have knowledge of

any trial subpoenas from counsel for the Plaintiffs, and had never been interviewed by Attorney Arthur Howe, counsel for Cingular.

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 11 and Federal Rule of Civil Procedure 37, Nextel seeks sanctions against Cingular, including judgment in favor of Nextel for indemnification as well as the reasonable fees and costs of the deposition proceedings related to Ms. Julseth. Nextel argues that counsel for Cingular never advised counsel for either the Plaintiffs or Nextel, Judge Lozano, or Magistrate Judge Cherry that Ms. Julseth did not have any relevant information or that she could not shed any light on any fact issue and that counsel for Cingular had counsel for the Plaintiffs and Nextel travel to Hoffman Estates for a useless deposition. In response, counsel for Cingular argues that Rule 11 is inapplicable in this matter and that the motion for sanctions under Rule 37 is baseless.

Under Rule 11, a court may impose sanctions on attorneys, law firms, or parties that file a pleading, written motion, or other paper that is "frivolous, legally unreasonable, without factual foundation, or asserted for an improper purpose." *Independent Lift Truck Builders Union v. NACCO Materials Handling Group, Inc.*, 202 F.3d 965, 968-69 (7th Cir. 2000) (citing *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998)); *see* Fed. R. Civ. P. 11(c). The "pleading, written motion, or other paper" must be "present[ed] to the court." *See* Fed. R. Civ. P. 11(b). Nextel has not presented any "pleading, written motion, or other paper" filed with the court that is the subject of the instant motion for sanctions. Accordingly, the motion for sanctions insofar as it seeks sanctions under Rule 11 is denied.

Nextel also generally cites Federal Rule of Civil Procedure 37 as a basis for its motion for sanctions; however, Nextel has not specified which section of Rule 37 is applicable or provided any law in support. Sanctions are available under Rule 37(a)(4) for a failure to disclose, answer, or respond

as required by Rule 26(a), Rule 30, Rule 31, Rule 33, or Rule 34.  As Nextel has not alleged the failure of Cingular under one of these rules, Rule 37(a)(4) is inapplicable.  Rule 37(b)(2) provides for sanctions for failure to comply with a court order.  Although Judge Lozano granted Nextel leave to serve a subpoena for the deposition of Ms. Julseth, Judge Lozano did not issue any order requiring action by Cingular, and Nextel did not issue a subpoena.  Nextel has not indicated any other order with which it alleges Cingular has failed to comply.  Accordingly, Rule 37(b)(2) is inapplicable.  Rule 37(c) allows for sanctions when a party, without substantial justification, fails to disclose information required by Rule 26 or to admit the genuineness of any document or the truth of any matter under Rule 36.  This matter is stayed as to Cingular, and Nextel has not alleged a factual basis to support any such sanctions.  Thus, sanctions under Rule 37(c) are inappropriate.  Nor is there any alleged violation of Rule 37(d), which applies to the failure of a party to attend its own deposition, serve answers to interrogatories, or respond to requests for inspection.  It is disconcerting that Nextel filed a motion to compel pursuant to Rule 37 without asserting the specific basis for the motion in light of the inapplicability of the available sanctions, which requires the Court to guess at the relief sought by Nextel.

      As argued by Cingular in its response, this dispute is largely about the extent of Cingular's obligation to voluntarily participate in this action.  Toddco's action against Cingular has been stayed as has Nextel's crossclaim against Cingular.  Throughout these proceedings, Cingular has maintained that it has no obligation to participate voluntarily in this action and has not taken any steps in contradiction to this position.  Cingular represents that it has properly responded to all formal requests and requirements in this action, and counsel for Nextel has not demonstrated otherwise. Although counsel for Nextel may have made numerous attempts for an informal exchange of information between Nextel and Cingular, Cingular declined such requests, as was its right.

Moreover, Nextel appears to have pursued the deposition of Ms. Julseth based on the statements of counsel for Toddco, shortly before Toddco and Nextel were scheduled to go to trial, that Ms. Julseth possessed knowledge of the porting process. Previously, Nextel had not issued any formal discovery regarding this information. Although Toddco states that Cingular provided the name of Ms. Julseth as the requested witness for trial, it is not clear that Nextel made an attempt to confirm the content of Ms. Julseth's testimony with Cingular during that relevant time period.[1] Nextel argues that Cingular failed to warn it that Camille Julseth did not possess the knowledge Nextel believed her to possess; however, Attorney Gomez, on behalf of Cingular, states that she did tell counsel for Nextel, once the deposition had been scheduled for November 2005 following the hearing before Judge Cherry, that Ms. Julseth did not possess substantive knowledge of this suit, which, based on Ms. Gomez declaration, counsel for Nextel appeared to understand. *See* Def. Br., Exh. 2, ¶ 4. Further, it is unclear whether Nextel would have relied on such a statement or any additional statements by counsel for Cingular given Nextel's belief that Toddco intended to call Ms. Julseth as a primary witness at trial to counter Nextel's sworn version of the facts regarding the porting. It also appears that Nextel declined Cingular's suggestion to issue a subpoena for a Rule 30(b)(6) deposition of a Cingular representative.

The Court finds that Cingular did not have an obligation to participate voluntarily in discovery in this matter and that counsel for Nextel had the opportunity to discover the nature of Ms. Julseth's testimony through her deposition, which Nextel took. It is not clear from the record the extent, if any,

---

[1] Nextel also argues that Cingular refused to provide Ms. Julseth's address in order to permit Nextel to issue the subpoena for her deposition. However, there is no correspondence of record demonstrating a direct request by Nextel for Ms. Julseth's address subsequent to Cingular's May 31, 2005 letter objecting to the request for deposition and requesting a copy of Judge Lozano's order ordering the deposition. It appears that Nextel never provided Cingular with a copy of Judge Lozano's order permitting Nextel to take Ms. Julseth's deposition in support of its earlier request for a deposition. A July 19, 2005 letter from counsel for Nextel to counsel to Cingular states, "You may be able to convince the court that you and your client don't have to supply Camille Julseth or her address to either Nextel or to Plaintiffs' counsel. I just don't think you will be successful in any of these efforts." Nextel Reply, Exh. 1-B. However, there are no other predecessor letters directly requesting the contact information. The record also reflects that Nextel did not file with the Court a motion to compel Ms. Julseth's contact information.

to which Cingular hindered Nextel's ability to issue a subpoena for Ms. Julseth's deposition, and the Court finds that sanctions under Rule 37 against Cingular as requested in the instant motion are not proper and that the motion on the basis of Rule 37 should be denied.  The Court also recommends the denial of any request for fees by Cingular incurred in responding to Nextel's motion.

## CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that the District Court **DENY** Nextel's Verified Motion for Sanctions Against Cingular Wireless, LLC [DE 185].

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(B).  Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have ten (10) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court.  The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 6th day of April, 2006.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:   All counsel of record